UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA DYCHES,
    Plaintiff,
v.

DUVAL COUNTY SCHOOL BOARD

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **CHRISTINA DYCHES** ("Christina Dyches"), by and through her undersigned counsel, and brings this Complaint against Defendant, **DUVAL COUNTY PUBLIC SCHOOLS aka DUVAL COUNTY SCHOOL BOARD** (hereinafter referred to as "DCPS"), and alleges as follows:

## INTRODUCTION

1. This is an action arising from the sexual abuse and harassment by an employee of the Duval County Public Schools ("Defendant") of a former student, Christina Dyches ("Plaintiff"), now eighteen years of age, while she attended Douglas Anderson School of the Arts ("DA") a magnet school in Jacksonville, Florida from 2019-2023 in violation of Title IX of the Education Amendment of

1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"), in violation of her civil rights under 42 U.S.C. §1983, and Florida law.

## PARTIES, JURISDICTION AND VENUE

2.  This is an action for damages in excess of $75,000.00 exclusive of interests, costs and attorney's fees.

3.  At all times material hereto, Plaintiff attended high school at DA located in Duval County, Florida

4.  At all times material hereto, Plaintiff resided with her family in St. Johns County, Florida.

5.  At all times material hereto, Defendant DCPS was a governmental entity responsible for Douglas Anderson School of the Arts, a designated and highly competitive magnet public high school in Duval County, Florida, located at 2455 San Diego Rd., Jacksonville, Florida.

6.  At all times material hereto, DCPS employed Jeffery Clayton ("Clayton") as a chorus teacher and Department Chair at Douglas Anderson School of the Arts while Plaintiff attended Douglas Anderson School of the Arts in Duval County, Florida.

7.  Defendant DCPS is a Florida public school that receives federal funds and is responsible for providing and administering a free and appropriate public education to the children of families who attend school in Duval County, Florida. Accordingly, because Defendant DCPS receives federal funding and financial

assistance within the meaning of 20 U.S.C. § 1681(a) Defendant DCPS is subject to Title IX.

8. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue of this action lies in this Court pursuant to 28 U.S.C. §1391, as the Defendant is a citizen of St. Johns County, Florida, and the events and omissions giving rise to this action occurred within the jurisdiction of this Court.

## FACTS

10. At all times relevant herein, Plaintiff suffered from several health issues, including but not limited to anxiety and associated behaviors following the acts set forth herein.

11. At all times relevant hereto, Defendant DCPS employed Clayton to perform work and services at the School. On or about August 9, 200 Clayton was hired by DCPS as a teacher at DA. Clayton taught chorus and was the Department Chair while employed by Defendant.

12. Gaining admission into DA is a selective process and Plaintiff was accepted into the Musical Theatre program.

13. All students are encouraged to audition for play performances once admitted. Throughout the audition processes for parts in musical performances, Clayton was one of the few decision-makers serving as vocal director in all musical performances.

14. Specifically, Clayton was tasked to work with all freshman cast in musicals.

15. Throughout Plaintiff's time at DA, a musical play performance was held each academic year, and Plaintiff was one of two freshmen cast in *Guys and Dolls* as entering freshmen before school started in August 2019.

16. Plaintiff immediately began working closely with Clayton in that play and was subsequently other musicals where Clayton was the vocal director.

17. Throughout this time, Clayton constantly humiliated and degraded Plaintiff. For instance, Clayton verbally abused and belittled her during school rehearsals in front of castmates and others.

18. Clayton would often call her sexually inappropriate names like "dumb blond" and remarked on her attractiveness, clumsiness, and stupidity.

19. Clayton would also routinely make unwelcomed remarks concerning her appearance and body.

20. In her first play, Clayton stared at her breasts when speaking to her and would suggest she enhance and enlarge her breasts, often giving her makeup tips to make her breasts look more prominent.

21. Clayton, while vocal director at DA and during school hours, sexually harassed, degraded, and touched her body inappropriately.

22. On or about November 16, 2019, shortly after an investigation was opened by DCPS employee Tomeiko Grant, into his behavior towards female students in

the play, Plaintiff and other students wrote statements to aid in DCPS's investigation.

23. In that investigation, it was discovered that Clayton had numerous past investigations for similar allegations, but ultimately, Clayton was permitted to return to school which was emotionally distressing to Plaintiff.

24. Clayton was later arrested on school grounds regarding another female student on March 22, 2023.

## COUNT ONE
### 20 U.S.C. §§ 1681 et seq.
### Title IX – Hostile Education Environment, Sexual Harassment-Against Defendant SJCSB

25. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 24 above as though set forth fully herein.

26. Title IX provides, in relevant part, that "[n]o person in the United States shall, on he basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

27. DCPS receives federal financial assistance for the operation of its schools.

28. Plaintiff's gender, female, is protected by Title IX.

29. Plaintiff was sexually harassed by Clayton, an employee of Defendant DCPS.

30. The sexual harassment and abuse by Clayton, as well as the subsequent inaction by the School, created an ongoing abusive educational environment for Plaintiff.

31. DCPS was on actual notice of the sexual harassment and abuse by Clayton as his personnel file is replete with sexual harassment and misconduct of a sexual nature over his twenty-two-year career as a teacher at the School.

32. Before the sexual harassment and abuse of Plaintiff in particular, it is now known that Clayton sexually harassed and abused other minor female students in the same or similar manner as Plaintiff over decades while a DCPS employee, with several instances documented and part of Clayton's personnel file.

33. Defendant DCPS by employees in a position of authority to institute corrective measures for Defendant DCSB, had actual notice of the sexually hostile educational environment created by Clayton and were deliberately indifferent to this abuse.

34. DCPS was on actual notice of the sexual harassment and abuse by Clayton directed at Plaintiff because of the specific in-person report Plaintiff made to school administrators before his felony arrest.

35. DCPS, by and through the School administrators and other employees of Defendant held positions of authority to institute corrective measures to protect Plaintiff, instead they failed to end the sexually hostile educational environment and the sexual abuse and harassment Plaintiff was subjected to by Clayton.

36. Defendant's employees who were in a position of authority to institute corrective measures for Defendant DCPS, were instead deliberately indifferent to Defendant Clayton's misconduct and, in fact, went to great lengths to protect Clayton.

## COUNT TWO
**(42 U.S.C. § 1983)**

37. Plaintiffs reallege and incorporate paragraphs 1-24 herein.

38. At all times material hereto, Plaintiff was a St. Johns County, Florida resident who auditioned and was accepted into DA, a prestigious magnet school for the arts.

39. DCPS was and is responsible for the safety and security of all children attending all Duval County public schools, including Douglas Anderson School of the Arts.

40. Section 1006.13 Florida Statutes requires district school boards, including DCPS, to adopt a policy of reporting to law enforcement safety threats and acts of misconduct and crimes.

41. DCPS maintains a police department and provides officers to serve in the schools and provide security, including at DA.

42. Findings by the Twentieth Statewide Grand Jury Report of Florida, found DCPS failed to report most safety threats, acts of misconduct, and crimes to law enforcement.

43. Specifically, DCPS chose not to require the reporting of crimes breaching their duty to provide adequate security, prevent, and report crimes while Plaintiff attended DA.

44. Such an abhorrent policy and practice is a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendant DCPS for damages, attorney fees, costs, and other damages and remedies that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable by law.

Dated: November 10, 2023

                                                            Respectfully submitted,

                                                            **CHRIS MOSER, P.A.**

                                                            <u>/s/ Chris Moser.</u>
                                                            Chris Moser, Esquire
                                                            Florida Bar No. 036900
                                                            P.O. Box 840250
                                                            St. Augustine, FL 32080
                                                            904-501-0327
                                                            moserlaw@gmail.com
                                                            Attorney for Plaintiff